**David R. Jenkins  #95301**
**PO Box 1406**
**2444 Main St., Suite 120**
**Fresno, California 93716**
**Telephone (559) 264-5695**
**Facsimile (559) 264-5693**
**email drjbklawyer@sbcglobal.net**

Attorneys for Debtor,
Angela Pimentel

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In the Matter of

ANGELA PIMENTEL,

          Debtor.

Case No. 15-10039-B-12 F
Chapter 12

DC DRJ-2

Date: May 14, 2015
Time: 2:30 p.m.
Dept. B, Judge Lee
2500 Tulare St., 5th Floor
Courtroom 12, Fresno, CA 93721

**CHAPTER 12 PLAN**

Debtor, Angela Pimentel, ("Debtor"), hereby proposes the following Chapter 12 Plan:

**I. <u>INTRODUCTION</u>**

This case was commenced by the filing of a petition for relief under Chapter 12 of the Bankruptcy Code on January 8, 2015.

The Debtor has farmed under the name "Pimentel Dairy" since 1989.  For almost all of that time, she operated a small dairy.  She sold her dairy quota in October 2013 and liquidated her dairy cattle in 2014. Her farming now consists of growing and selling corn silage and a mixture of barley, oats and wheat.

The business assets of the Debtor and her opinion of values as of the Petition Date and as of April 8, 2015 were as follows:

| Property | Petition Date | $42,101.00 |
|---|---|---|
| Primary residence and farm. 18177 Road 10 ½ Chowchilla California | $550,000.00 | $550,000.00 |
| Cash and cash equivalents | $190.00 | $0.00 |
| California Dairymen, Inc., retains. Estimated. | $6,000.00 | $6,000.00 |
| Claim in probate of Debtor's deceased husband. Estimated. | $36,000.00 | $36,000.00 |
| Claim against Bruce Francis Kennedy, Esq. Exclusive of any potential claim for professional malpractice. | $19,674.11 | $19,674.11 |
| Fax, copier, computer. | $200.00 | $200.00 |
| 30 acres of wheat. Due to harvest April or May 2015. | $500.00 | $11,700.00 |
| Totals | $612,564.11 | $665,675.11 |

Some of the listed assets have been claimed as exempt assets.

The Debtor proposes to lease her dairy facility and expects to have a tenant in place sometime during the month of May 2015. The Debtor currently lacks sufficient operating capital or borrowing capacity to enable her to operate a dairy. The Debtor may lease the 30 acres of farmland as well if, by doing so, she could generate sufficient reliable income to insure funding of her plan.

## II. SUMMARY OF PAYMENT ON UNSECURED CLAIMS

Based on the liquidation analysis provided herein, the Debtor's non-priority unsecured creditors would receive an estimated $16,438.96 in a Chapter 7 liquidation as of the projected effective date of the plan. Under this plan, the Debtor proposes to pay them $17,000.00. To receive a distribution under this plan, a non-priority unsecured creditor must file a timely proof of claim. The deadline for the filing of non-priority unsecured claims held by creditors other than governmental entities is May 26, 2015. As of April 4, 2015 the filed non-priority unsecured claims total $79,941.30. Assuming that no further such claims are filed and that none of the filed claims are disallowed, the projected minimum distribution to holders of non-priority unsecured claims would be

21.26%. The scheduled non-priority unsecured claims total $267,045.77. Assuming that the total timely filed non-priority unsecured claims equal the scheduled amount of such claims, the projected distribution to holders of such claims would be 6.36%.

### III. SUBMISSION OF INCOME

The Debtor is a family farmer with regular income and is eligible to be a under Chapter 12, Title 11, United States Code. Debtor submits to the supervision and control of the Chapter 12 trustee, the sum of $3,610.00 a month, or such higher amount of her future income as is necessary for the completion of payments required by this Plan. Debtor will be able to make all payments required by the Plan and will, otherwise, be able to comply with the provisions of the Plan. This is a five-year plan. The last payment under the Plan will be due on the 5th anniversary of the first payment to the Chapter 12 Trustee following plan confirmation. Payments required to be paid by the Debtor to the Trustee shall be sent to the Trustee for delivery no later than the 15th day of the month in which the payment is due or, if the 15th day of the month is a Saturday, Sunday, or holiday, such payments shall be sent to the Trustee for delivery no later than the closest preceding day that is not a Saturday, Sunday, or holiday. The first Plan payment to the Trustee shall be due in the month following the month in which the order confirming the plan is entered.

### IV. CLASSIFICATION AND TREATMENT OF CLAIMS

1. <u>Class 1:</u> Claims entitled to treatment as administrative claims under Section 507(a) shall be Class 1 claims. Class 1 claims are, in general, claims that arise after the filing and will be paid in full. Any Class 1 claim requiring court approval as a condition to payment shall be paid promptly upon receipt of such approval. Except as otherwise provided in the next sentence, Class 1 claims shall be paid by the Trustee under the Plan and, if necessary to enable the Trustee to pay Class 1 claims and, otherwise, comply with the Plan, the Debtor shall submit to the supervision and control of the Trustee such additional sums as are needed. Notwithstanding the language of the preceding sentence, the Class 1 claim of David R. Jenkins, the Debtor's attorney, shall be

paid first by application of the $7,275.00 retainer paid by the Debtor prepetition. From that retainer, Debtor's counsel has applied $1,775.00 to pay for pre-petition services and costs leaving a balance of $5,500.00 on deposit in Debtor's counsel's attorney client trust account. If debtor's counsel's allowed Class 1 claim exceeds $5,500.00 then the excess shall be paid first from the Class 1, 2, 4, and 5 set-aside fund. Any allowed Class 1 claim, other than the Class 1 claim of Debtor's counsel, shall be paid second from the Class 1, 2, 4, and 5 set-aside fund.

  2. <u>Class 2:</u> Claims entitled to priority under Section 507 and not included in Class 1, shall be Class 2 claims. Class 2 claims, if any, consist generally of pre-bankruptcy tax claims. Such claims shall be paid, in full, in deferred cash payments without penalties, interest, or other charges over the term of the Plan. Debtor owes no domestic support obligations. Class 2 claims shall be paid in the order of priority set out in Section 507 unless otherwise set out in this Plan or in an order of the Court. All Class 2 claims shall be paid in full before any distribution is made on account of Class 5 general unsecured claims. Only allowed Class 2 claims will be paid. Any Class 2 claim not allowed as a priority claim will be deemed to be a Class 5 claim and any portion of such claim not paid through this Plan shall be discharged unless the claim is excepted from discharge by law or order of the Court.

  There are no scheduled Class 2 claims and the Debtor does not believe that she owes any Class 2 claims. The IRS has filed a Class 2 claim in the amount of $800.00. The Debtor disputes this claim and may file an objection to it. The Debtor may also refrain from objecting to the disputed IRS claim if she determines that the cost of objecting would exceed any benefit from obtaining disallowance of the claim. Any allowed Class 2 claim shall be paid third from the Class 1, 2, 4 and 5 set-aside fund.

  3. <u>Class 3:</u> Class 3 shall be comprised of all allowed secured claims. All Class 3 claims are listed below with a description of their treatment under the Plan. Duly filed and allowed Class 3 claims shall be paid in annual, semi annual, quarterly or monthly payments as described below. With respect to each Class 3 claim, the payments

required by the Plan equal the value of the claim, as of the effective date of the plan-the date on which an order confirming the plan is entered. Each Class 3 claim holder shall retain its lien until it's claim has been paid in full to the extent required by the Plan. The Debtor is the owner of all property serving as collateral for any Class 3 claims. The Debtor is intimately aware of the condition of the property securing the Class 3 claims and knows the value of such property. In the opinion of the Debtor, on the date the Plan was filed the collateral had the value set out below. The value given is based upon an orderly disposition of the collateral in a commercially reasonable manner. That portion, if any, of a Class 3 claim that exceeds the fair market value of the claimant's collateral shall be classified as a nonpriority general unsecured claim and shall receive the treatment provided for Class 5 claims. The allowed secured claim of each Class 3 claimant shall consist of the value of the claimant's collateral on the date of the filing of the petition to commence this case together with such interest as shall accrue from confirmation as described below. Contractual penalty provisions relating to monetary default that would otherwise be enforceable postpetition shall not be awarded during the pendency of this Plan or as to any prepayment penalties.

The primary secured creditors herein are Peter and Andrea Pierre ("Pierre"), the United States Department of Agriculture, Farm Service Agency ("FSA"), and the Madera County Tax Collector ("MCTC").

Pierre has not yet filed a proof of claim. According to the best available information, the Debtor understands that Pierre claims to be owed $282,801.75 as of March 19, 2015. The Debtor scheduled this claim as being owed $308,385.31 based on a misunderstanding on her part as to what Pierre asserted was owed. The Debtor estimates that, as of the date of the filing of the petition, Pierre was owed $280,885.00. Pierre's claim shall accrue interest at 4% per annum. Pierre's claim shall be paid in monthly installments, the first of which shall be due on the last day of the calendar month following the month in which the order confirming the Plan is entered. Installments 1 through 36 shall be $1,354.42 per month. Installments 37 through 60 shall be $1,410.10

1　per month. Beginning with installments 61 the monthly payment shall be $2,300.00. A
2　balloon payment sufficient to pay the remaining balance of the claim in full shall be due
3　on the 7th anniversary of the due date of installment 1.

4　　　　FSA has not yet filed a proof of claim. The Debtor scheduled this claim as
5　being owed $160,000.00. The Debtor estimates that, as of the date of the filing of the
6　petition, FSA was owed $160,000.00.  FSA's claim shall accrue interest at 4% per annum
7　and shall be paid in monthly installments, the first of which shall be due on the last day of
8　the calendar month following the month in which the order confirming the Plan is
9　entered.  Installments 1 through 36 shall be $771.51 per month. Installments 37 through
10　60 shall be $806.10 per month. Beginning with installments 61 the monthly payment shall
11　be $1,310.00. A balloon payment sufficient to pay the remaining balance of the claim in
12　full shall be due on the 7th anniversary of the due date of installment 1.

13　　　　MCTC has not yet filed a proof of claim. The Debtor scheduled this claim
14　as being owed and the Debtor estimates that, as of the date of the filing of the petition,
15　MCTC was owed $22,246.33.  Pursuant to applicable provisions of state law and the
16　Bankruptcy Code, MCTC's claim accrues interest at 18% per annum. The claim shall be
17　paid in 36 monthly installments of, $804.20 each, the first of which shall be due on the
18　last day of the calendar month following the month in which the order confirming the
19　Plan is entered.

20　　　　The Chowchilla Water District ("CWD") has not yet filed a proof of claim.
21　The Debtor scheduled this claim as being owed and the Debtor estimates that, as of the
22　date of the filing of the petition, CWD was owed $10,754.00.  Pursuant to applicable
23　provisions of state law and the Bankruptcy Code CWD's claim accrues interest at 18%
24　per annum. The claim shall be paid in 36 monthly installments of, $388.80 each, the first
25　of which shall be due on the last day of the calendar month following the month in which
26　the order confirming the Plan is entered.

27　　　　Bruce Francis Kennedy, Esq. ("Kennedy") has not yet filed a proof of
28　claim. Kennedy is holding $19,674.11 in his attorney client trust account. Kennedy claims

to be owed that sum of money. The Debtor disputes the claim and contends that she owes him nothing. The Debtor will object to Kennedy's claim when and if he files one or, if he does not, the Debtor will commence an adversary proceeding against Kennedy seeking turnover of the $19,674.11. As a result of the objection to claim or adversary proceeding, any entitlement Kennedy has to payment will be fully resolved by a judicial determination of the amount of his claim and application of the money he is holding to the allowed amount of the claim.

      4. <u>Class 4</u>: Certain priority claims are referred to in Sections 507(a)(3), (4), (5), (6), (7) and (8). Any such claims are entitled to priority treatment. The Code requires that each holder of such claim receive cash equal to the allowed amount of such claim. Debtor believes that she owes no such claims, however, the IRS has filed such a claim in the amount of $800.00. To the extent, if any, this claim is allowed, it must and shall be paid without interest. Any allowed Class 4 claim shall be paid fourth from the Class 1, 2, 4 and 5 set-aside fund.

      5. <u>Class 5</u>: Allowed unsecured claims not otherwise provided for above shall be classified as Class 5 claims. All Class 5 claims are of one class and shall be paid pro rata from the funds received by the Trustee remaining after the Trustee's fees are paid that are not otherwise distributed under the Plan. Class 5 includes the unsecured portion of any undersecured secured claim. Class 5 claimants shall receive not less than they would receive in a Chapter 7 liquidation conducted as of the confirmation of the plan. Allowed Class 2 claims shall be paid last from the Class 1, 2, 4 and 5 set-aside fund.

      6. <u>The Class 1, 2, 4 and 5 set-aside fund.</u> Beginning in plan month 37 and continuing on a monthly basis through plan month 60, the sum of $1,100.00 shall be used by the Trustee to pay Class 1, 2, 4, and 5 claims in the order prescribed by this plan. If necessary, the Debtor shall increase the plan payment to the extent necessary to enable the Trustee to fund payment of such claims during plan months 37 through 60.

## V. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor has no executory contracts or unexpired leases.

## VI. EFFECTIVE DATE

The effective date of the Plan shall be the date the Order confirming the Plan is entered.

## VII. LIENS ON EXEMPT PROPERTY

The Debtor is unaware of any claims that are secured by a judicial lien on exempt property or by a nonpossessory nonpurchase money security interest in exempt household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, jewelry, or other personal property, held for the use of the Debtor. The Debtor reserves any and all rights she may have to avoid any such liens to the extent that they impair her exemption rights. Such avoidance shall be sought by separate motion which shall be filed and served as required by law.

## VIII. CHAPTER 7 COMPARISON

The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each nonpriority unsecured Class 5 Claim must be, and is, no less than the amount that would be paid on such claim if the Debtor were liquidated under Chapter 7 on such date. A Chapter 7 liquidation analysis is set forth in the following table:

| **Chapter 7 Liquidation Analysis** | | | | | |
|---|---|---|---|---|---|
| Description | Fair Market Value | Liens (excluding tax liens) | Exemption | Liquidation Cost (8% for realty and 15% for personal property) | Net Value to Estate |
| Residence & farm | $550,000.00 | $475,802.08 | $4,614.00 | $44,000.00 | $25,583.92 |
| Cash & Bank Account | $160.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Household Goods | $1,500.00 | $0.00 | $1,500.00 | $225.00 | $0.00 |
| Clothing & Jewelry | $500.00 | $0.00 | $500.00 | $75.00 | $0.00 |
| California Dairymen Retains | $6,000.00 | $0.00 | $6,000.00 | $900.00 | $0.00 |
| Probate claim | $36,000.00 | $0.00 | $15,121.00 | $5,400.00 | $15,479.00 |
| Claim against Bruce Francis Kennedy | $19,674.11 | $0.00 | $0.00 | $2,951.12 | $16,722.99 |

| Chapter 7 Liquidation Analysis | | | | | |
|---|---|---|---|---|---|
| Mercury Sable | $2,000.00 | $0.00 | $5,100.00 | $300.00 | $0.00 |
| 30 acres of wheat. Value as of petition date. | $500.00 | $500.00 | $0.00 | $75.00 | $0.00 |
| Fax Copier Printer | $200.00 | $0.00 | $200.00 | $30.00 | $0.00 |
| Totals | $616,534.11 | $476,302.08 | $33,195.00 | $53,956.20 | $57,785.91 |
| Chapter 7 Trustee Fee Base | | | | | $585,939.11 |
| Chapter 7 Trustee Compensation | | | | | $32,546.96 |
| Projected Chapter 7 Trustee Professional Expenses (Attorney and CPA) | | | | | $8,000.00 |
| Priority Claims | | | | | $800.00 |
| Projected Funds to Distribute to Unsecured Creditors | | | | | $16,438.96 |

As noted previously, based on the liquidation analysis provided herein, the Debtor's non-priority unsecured creditors would receive an estimated $16,438.96 in a Chapter 7 liquidation as of the projected effective date of the plan. Under this plan, the Debtor proposes to pay them $17,000.00. To receive a distribution under this plan, a non-priority unsecured creditor must file a timely proof of claim. The deadline for the filing of non-priority unsecured claims held by creditors other than governmental entities is May 26, 2015. As of April 4, 2015 the filed non-priority unsecured claims total $79,941.30. Assuming that no further such claims are filed and that none of the filed claims are disallowed, the projected minimum distribution to holders of non-priority unsecured claims would be 21.26%. The scheduled non-priority unsecured claims total $267,045.77. Assuming that the total timely filed non-priority unsecured claims equals the scheduled amount of such claims, the projected distribution to holders of such claims would be 6.36%.

## IX. GOOD FAITH

This Plan complies with the provisions of Chapter 12 and all other applicable provisions of Title 11 of the United States Code. Any fee, charge or amount required to be paid under Chapter 12 of Title 28 of the United States Code, or required by the Plan to be paid prior to confirmation, has been or will be paid prior to confirmation. The Plan has been proposed in good faith and not by any means forbidden by law.

## X. CONFIRMATION PROCEDURE

The Debtor has filed, or will promptly file, a motion to confirm the Plan. In the absence of timely and properly asserted opposition to that motion, the Court may resolve the motion to confirm the Plan without oral argument. If timely and proper opposition to the motion to confirm the Plan is filed, the motion will be resolved by the Court using the rules applicable to contested matters with such modifications of such rules as the Court deems appropriate to the circumstances.

## XI. REVESTMENT OF PROPERTY

Property of the estate shall vest upon confirmation of the Plan in the Debtor as provided in Section 1227(b) and (c).

## XII. OTHER PROVISIONS

1. Payments: Unless otherwise instructed or authorized by the Trustee or the Court in writing, Debtor shall make payments required by this Plan to the Chapter 12 Trustee by checks drawn on good funds.

2. Cooperation and Reporting: Debtor shall timely file all periodic reports and provide the Chapter 12 Trustee with such statements of income, expenses, or other information required or requested by the Trustee. Debtor shall timely file all required federal, state, and local tax returns. Debtor shall meet with the Trustee, on his request, as reasonably required. Trustee's fees and costs, as allowed by law, shall be paid from the funds paid by the Debtor to the Trustee.

3. Taxes: Tax obligations entitled to priority that are included in Classes 2 or 4 shall be paid in the following manner to the extent applicable:

      (a) Prepetition payroll taxes shall be paid ahead of other tax claims and the employee's portion shall be paid ahead of the employer's portion.

      (b) California income taxes shall be paid ahead of Federal income taxes.

    4. <u>Adequate Protection:</u> Any adequate protection for holders of Class 3 claims that is required by the Bankruptcy Code shall be sufficiently provided by the payment treatment required by the Plan. As long as the Debtor is not in default on payments to a Class 3 claimant, the claimant shall not be entitled to seek relief from the automatic stay except for cause.

    5. <u>Budget:</u> the Debtor's projected revenues and expenses are as follows:

| **Angela Pimentel Budget** | | | | |
|---|---|---|---|---|
| Month | Description | Income | Expense | Running balance |
| 3-2015 | None | $0.00 | $0.00 | $0.00 |
| 4-2015 | Irrigation $00 | $0.00 | $0.00 | $0.00 |
| 5-2015 | Income: Rent $2,500.00 Wheat, Barley & Oat crop. 11 tons per acre times 30 acres times $30.00. Expenses: Disking $3,000.00; Corn seed $1,800.00; Pre-irrigation $1,200.00; Planting $360.00 | $12,400.00 | ($6,360.00) | $6,040.00 |
| 6-2015 | Income: Rent $2500.00 Expenses: Plan Payment: $3610.00 Weed spraying $700.00; Irrigation $1,200.00 | $2,500.00 | ($5,500.00) | $3,040.00 |
| 7-2015 | Income: Rent $2500.00 Expenses: Plan Payment: $3610.00 Irrigation $1,200.00 | $2,500.00 | ($4,810.00) | $730.00 |
| 8-2015 | Income: Rent $2500.00 Expenses: Plan Payment: $3610.00 Irrigation $1,200.00 | $2,500.00 | ($4,810.00) | ($1,580.00) |

| **Angela Pimentel Budget** | | | | |
|---|---|---|---|---|
| 9-2015 | Income: Rent $2500.00 Corn crop. 20 tons per acre times 30 acres times $50.00. | $30,000.00 | $3,610.00 | $32,030.00 |
| 10-2015 | Income: Rent $2500.00 Expenses: Plan payment $3610.00 Pre-irrigation $1,200.00; Seed $1,044.00; Fertilizer $600.00; Disking $1,200.00; Planting $330.00; | $2,500.00 | ($7,984.00) | $26,546.00 |
| 11-2015 | Income: Rent $2500.00 Expenses: Plan payment $3610.00 Spraying $700.00 | $2,500.00 | ($4,310.00) | $24,736.00 |
| 12-2015 | Income: Rent $2500.00 Expenses Property taxes $2,950.00 Plan payment $3610.00 | $2,500.00 | ($6,560.00) | $20,676.00 |
| 1-2016 | Income: Rent $2500.00 Expenses: Water District $2,480.00 Plan payment $3610.00 | $2,500.00 | ($6,090.00) | $17,086.00 |
| 2-2016 | Income: Rent $2500.00 Expenses: Plan payment $3610.00 | $2,500.00 | ($3,610.00) | $15,976.00 |
| 3-2016 | Income: Rent $2500.00 Expenses: Plan payment $3610.00 | $2,500.00 | ($3,610.00) | $14,866.00 |
| 4-2016 | Income: Rent $2500.00 Expenses: Plan payment $3610.00, Property taxes $2950.00 | $2,500.00 | ($6,110.00) | $11,256.00 |

| **Angela Pimentel Budget** |
|---|---|---|---|---|
| 5-2016 | Income: Rent $2,500.00 Wheat, Barley & Oat crop. 12 tons per acre times 30 acres times $32.50. Expenses: Plan payment $3610.00; Disking $3,000.00; Corn seed $1,800.00; Pre-irrigation $1,200.00; Planting $360.00 | $14,200.00 | ($9,970.00) | $15,486.00 |
| 6-2016 | Income: Rent $2500.00 Expenses: Plan Payment: $3610.00 Weed spraying $700.00; Irrigation $1,200.00 | $2,500.00 | ($5,500.00) | $12,486.00 |
| 7-2016 | Income: Rent $2500.00 Expenses: Plan Payment: $3610.00 Irrigation $1,200.00 | $2,500.00 | ($4,810.00) | $10,176.00 |

## XIII.  JURISDICTION

except as otherwise provided in this Plan, all property of the estate other than exempt property shall remain under the exclusive jurisdiction of the court during the pendency of this Plan. During the pendency of this Plan, the court shall have all jurisdiction over the Debtor and the Debtor's property as the court had on the Petition Date.

Dated:  April 8, 2015

                                                **/S/ Angela Pimentel**
                                                Angela Pimentel

Approved as to form:

**/S/ David R. Jenkins**
David R. Jenkins, Attorney
for Angela Pimentel, Debtor

## DECLARATION

1  I, Angela Pimentel, hereby declare that I have read the Plan and the exhibits
2  thereto and assisted in the preparation of the same. I declare that the information, values,
3  claims and liens described herein are true, accurate, and complete to the best of my
4  knowledge and belief formed after a diligent inquiry into the subject matter.
5  I declare that the foregoing is true and correct and that I executed this
6  declaration on April 8, 2015 at Madera, California.

        **/S/ Angela Pimentel**
        Angela Pimentel