G. MICHAEL WILLIAMS (#114597)
GANZER & WILLIAMS
1617 ST. MARK'S PLAZA, STE. A
STOCKTON, CA 95207
Telephone: 209-476-1661
Facsimile: 209-476-1674

Attorneys for Debtor
Angela Pimentel

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | ) Case No. 15-10039 |
| | ) |
| ANGELA PIMENTEL, | ) DC No: GMW-001 |
| | ) |
| Debtor. | ) Date: January 24, 2018 |
| | ) Time: 9:30 a.m. |
| | ) Dept: B |
| | ) |

**DECLARATION OF DEBTOR ANGELA PIMENTEL IN SUPPORT OF DEBTOR'S MOTION TO COMPROMISE CONTROVERSY AND SETTLE CLAIM**

I, Angela Pimentel, declare:

1.      The matters stated in this declaration are based upon my own personal, first-hand knowledge, and, if called as a witness, I could and would competently testify to the matters stated herein.

2.      I filed a voluntary Chapter 12 case on January 8, 2015. My amended chapter 12 plan was confirmed on February 23, 2017. Michael H. Meyers is the chapter 12 trustee (the "Plan").

3.      On or about December 28, 2000, Luis Oliveira Sr. and his wife Angela Oliveira (the "Oliveiras"), obtained a judgment against me and this judgment was renewed in 2010 (the "Judgment").

4.      As part of the Judgment, on January 22, 2003, the Oliveiras recorded an Abstract

of Judgment against real property owned by me (the "Property").

5.      On or about February 8, 2017, the Oliveiras filed a chapter 12 case of their own bearing Case No. 17-10427. In connection with their Chapter 12 case, the Oliveiras became aware of my pending chapter 12 proceeding. I inadvertently did not schedule the Oliveiras as a creditor in my chapter 12 case and did not give notice of the commencement of the chapter 12 case to the Oliveiras. Consequently, the Oliveiras asserted they were not afforded an opportunity to timely file a proof of claim before the deadline.

6.      On May 10, 2017, the Oliveiras filed a proof of claim in this case asserting a secured claim in the amount of $155,168.92.

7.      Aside from filing a proof of claim, on or about August 1, 2017, the Oliveiras filed a motion for relief from the automatic stay so that they could pursue their state court remedies to enforce the terms of the Judgment. The hearing on this matter was held on August 31, 2017. The court continued the matter until November 1, 2017 so that further documents could be filed. The hearing was subsequently continued to November 15, 2017.

8.      Prior to the November 15, 2017 hearing on this matter, counsel for me and the Oliveiras conferred regarding the resolution of the Oliveiras' claim. The Oliveiras and I ultimately entered into a Stipulation Resolving Controversies. A true and correct copy of this Stipulation is submitted as Exhibit "A" (the "Stipulation").

9.      Under the terms of the Stipulation, the Oliveiras shall have their secured claim fixed at $60,000.00 and in second priority as to the Property behind the first deed of trust. Further, the Oliveiras will have an allowed general unsecured claim in the amount of $95,168.92.

10.     The Oliveiras' allowed unsecured claim will be treated the same as all other unsecured claims in my chapter 12 Plan. Since no payments have been made yet to the Oliveiras, catch up payments will be made by the Trustee to equalize the Oliveiras with what other unsecured creditors have already received.

11.     The Oliveiras' secured claim will be paid interest only at 5% and will be payable in quarterly installments of $750.00 each beginning January 1, 2018 and quarterly thereafter.

12. My confirmed Plan provides payment to unsecured creditors in the total sum of $19,097.97. Should this motion be granted, the payments to the other unsecured creditors will be diluted by the Oliveiras' claim.

13. Specifically, prior to the inclusion of the Oliveira claim, unsecured creditors totaling $111,011.33 were to be paid 17.2% of their claims. With the allowance of the Oliveiras' claim, the payment percentage of their claims will drop to 9.2627%.

14. I request that the Court approve the settlement as outlined herein and in the Stipulation. The settlement of the controversy is the result of good faith, arm's length negotiations between the parties, and after a thorough review of the facts.

15. My income is derived primarily from the rent generated by the Property.

16. In the event I could not resolve the controversy with the Oliveiras, there is a risk that the court could grant the Oliveiras' motion for relief from the automatic stay and the Oliveiras could potentially force a sheriff's sale of the Property. If this were to occur, I would not have the rental income nor other assets to continue making Plan payments to my other unsecured creditors. This being the case, I submit that the approval of this controversy will benefit not only the Oliveiras, but also the unsecured creditors and me as well.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed at Madera, California, on December 18, 2017.

        /s/ Angela Pimentel_____
        ANGELA PIMENTEL

Ef:Pimentel.MtnCompromiseControversy